Case 4:15-cv-00621 Document 94 Filed in TXSD on 08/15/16 Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
August 16, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COFACE NORTH AMERICA INSURANCE COMPANY, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-621 |
| | § § | |
| WOODLANDS EXPORT, LLC, *et al*, | § § | |
| Defendants. | § | |

## **ORDER AND OPINION**

Before the Court is Plaintiff Coface North America Insurance Company's ("Coface's") Motion for Attorneys' Fees. (Document No. 46). None of the other parties in the case have filed a Response. Having considered Plaintiff's Motion and the applicable law, the Court concludes the Plaintiff's Motion is GRANTED.

**Background**

Plaintiff filed its Complaint (Document No. 1) in interpleader against Defendants Woodlands Export, LLC ("Woodlands"), BBVA Compass Bank ("Compass"), as successor of Laredo National Bank ("LNB"), and DF Deutsche, pursuant to Federal Rule of Civil Procedure 22. Defendants presented conflicting claims "to all or part of the proceeds under trade credit insurance policy number E-4890294 [the "Policy"] issued by CofaceNA to Woodlands." (Document No. 27 at 1). Coface did not dispute that $2,700,000.00 plus applicable interest [the "Policy Proceeds"] was due under the Policy, but stated that it was "unable to dis[bu]rse the Policy Proceeds without potentially exposing itself to duplicative claims or liabilities." *Id*. at 2. Therefore, Coface moved for leave to deposit the Policy Proceeds into the Court's registry,[1] and

---

[1] Coface deposited the funds into the Court's Registry on February 29, 2016.

"request[ed] a discharge from liability as to the amounts deposited into the Court's registry, [] a dismissal from this action with prejudice, and [] an injunction against all competing claimants from commencing or prosecuting any claim or action against CofaceNA regarding the Policy Proceeds." *Id*. The Court granted Coface's Motion (Document No. 45) and ordered that Coface make an application requesting reimbursement of costs expended and reasonable attorneys' fees. Therefore Coface submitted its Motion for Attorneys' Fees, "seeking $54,910.28 in reasonable, equitable, and just attorney's fees and costs." (Document No. 46 at 1). Coface was represented by Beirne, Maynard & Parsons, LLP ("BMP"), which is located in Dallas, Texas. *Id*. at 9.

**Standard of Review**

A district court has the authority and the discretion to award attorney's fees in successful interpleader suits to a disinterested stakeholder whenever it is fair and equitable to do so. *Rhoades v. Casey,* 196 F.3d 592, 603 (5th Cir. 1999), *cert. denied,* 531 U.S. 924 (2000) (citing *Corrigan Dispatch Co. v. Casa Guzman, S.A.,* 696 F.2d 359, 364 (5th Cir. 1983)). "[A]s a general rule, when an interpleader action is successful, the court often awards costs, as well as attorney's fees, to the stakeholder." *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976). *See also Helt v. Sambina Properties, Ltd.*, No. 4:15-CV-760, 2016 WL 3198623, at *5 (E.D. Tex. June 9, 2016). The fee is usually modest because "all that is necessary is the preparation of a petition, the deposit in the court or posting of a bond, service on the claimants, and the preparation of an order discharging the stakeholder." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane*, Federal Practice and Procedure* § 1719 (3d ed. 2001) (hereinafter "*Federal Practice and Procedure*"). The Fifth Circuit requires only that the award be reasonable. *James Talcott, Inc. v. Allahabad Bank, Ltd.,* 444 F.2d 451, 468 (5th Cir. 1971). Commentators suggest five factors relevant to awarding fees in an interpleader case: (1) whether

the case is simple; (2) whether the stakeholder performed any unique services for the claimants or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the services rendered benefitted the stakeholder; and (5) whether the claimants improperly protracted the proceedings. *Royal Indem. Co. v. Bates*, 307 F. App'x 801, 806 (5th Cir. 2009) (citing *Federal Practice and Procedure*, § 1719).

"In an ordinary diversity case [such as this], awards of attorney's fees are governed by applicable state law." *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1310 (5th Cir. 1980) (citing *Alyeska Pipeline Service v. Wilderness Society*, 421 U.S. 240, 259 n. 31 (1975) ("In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.")). "Texas interpleader law entitles an innocent stakeholder to recover its attorney's fees from the funds it deposits if it has a reasonable doubt with respect to which claimant is entitled to the fund." *RSL-3B-IL, Ltd. v. Prudential Ins. Co. of Am.*, 470 S.W.3d 131, 139 (Tex. App. 2015) (citations omitted). "Texas courts look to many of the same factors as do the federal courts in making attorney-fee awards." *Robinson v. State Farm Fire & Cas. Co.*, 13 F.3d 160, 164 (5th Cir. 1994) (citing *Atlantic Richfield Co. v. Manges*, 702 F.2d 85, 87 (5th Cir. 1983)).

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," a sum commonly called the "lodestar." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant . . . should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S.

424, 437 (1983). There is a strong presumption that the lodestar is a reasonable fee, and the fee applicant bears the burden of demonstrating that an upward adjustment by application of the *Johnson* factors is necessary to calculate a reasonable fee. *Walker v. Dept. of HUD*, 99 F.3d 761, 771 (5th Cir. 1996); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995), *cert denied*, 516 U.S. 862 (1995).

A reasonable hourly rate is that rate in the community for such legal services rendered by attorneys of comparable skill, experience, and reputation. *Heidtman v. County of El Paso*, 171 F.3d 1039, 1043 (5th Cir. 1999); *Alberti v. Klevenhagen*, 896 F.2d 927, 936 (5th Cir. 1990), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990). A reasonable hourly rate should be in accord with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895-96 n.11. The fee applicant bears the burden of producing evidence that the requested rate is appropriate within the relevant community. *Condon v. Hunting Energy Services, L.P.*, Civ. A. No. H-04-3411, 2006 WL 2882857, at *2 (S.D. Tex. Oct. 4, 2006).

In addition to the community rate, the district court must also consider the attorneys' regular rates. *Louisiana Power*, 50 F.3d at 328. Generally when an attorney's requested hourly rate is his customary rate, when it is within the range of prevailing market rates, and when the rate is not contested, it is viewed as *prima facie* reasonable. *Id*. at 329. To establish the reasonableness of his requested rate, the fee applicant should produce satisfactory evidence beyond his own affidavit "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 896 n.11. Furthermore, the court may exercise its own expertise and judgment in making an independent valuation of appropriate attorney fees. *Davis v. Bd. of*

*Sch. Comm'rs of Mobil County*, 526 F.2d 865, 868 (5th Cir. 1976).

The court must determine whether the hours expended by the prevailing party's counsel were "reasonably expended," both as to the total number of hours claimed and the specific hours claimed. *Condon*, 2006 WL 2882857, at *2 (citing *Louisiana Power*, 50 F.3d at 329). The fee applicant bears the burden of showing that the hours claimed were reasonably expended. *Hensley*, 461 U.S. at 437. Compensable hours, reasonably spent, are determined from the attorney's contemporaneous time or billing records or other documentation which the district court must examine to discern which hours are compensable and which are not. *Id*. at 434; *Louisiana Power*, 50 F.3d at 324.

The fee applicant should exercise "billing judgment" and keep billing time records in a way that enables the reviewing court to "identify distinct claims." *Hensley*, 461 U.S. at 437. *See also Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010) *(*An applicant for fees must submit documentation, e.g., contemporaneous billing records or detailed invoices or affidavits, to permit the court to identify noncompensable hours and to determine an appropriate amount of fees.). Counsel must "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Id. See also Saizan v. Delta Concrete Products Company*, 448 F.3d 795, 799 (5th Cir. 2006) ("[P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment. Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." [footnotes omitted]); *Louisiana Power*, 50 F.3d at 324-25 ("[T]he documentation

must be sufficient for the court to verify that the applicant has met its burden. . . . [A] district court may reduce the number of hours awarded if the documentation is *vague* or *incomplete*. . . . Failing to provide contemporaneous billing statements does not preclude an award of fees per se as long as the evidence produced is adequate to determine reasonable hours.").

In determining what is a reasonable fee, the courts in the Fifth Circuit must consider the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989) (holding that a fee award under § 1988 should not be capped by a contingent fee agreement between the attorney and his client). The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.[2]

While the lodestar is relevant to determining a fee award, it is not the sole basis for

---

[2] Similarly, Texas courts determine reasonableness by applying the *Arthur Andersen* factors. These factors are:
    (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
    (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
    (3) the fee customarily charged in the locality for similar legal services;
    (4) the amount involved and the results obtained;
    (5) the time limitations imposed by the client or by the circumstances;
    (6) the nature and length of the professional relationship with the client;
    (7) the expertise, reputation, and ability of the lawyer or lawyers performing the services; and
    (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.
*Preston Expl. Co., LP v. GSP, LLC*, No. CIV.A. H-08-3341, 2013 WL 3229678, at *2-3 (S.D. Tex. June 25, 2013) (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)).

determining that award; the *Johnson* factors are applicable to deciding whether the lodestar is reasonable, as well as to adjusting that award by a multiplier once the lodestar is calculated. *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 536 (5th Cir. 1986) ("The time and hours spent on a case are a necessary ingredient in determining a fee award, but they should not be the sole basis for determining a fee. The *Johnson* factors govern the determination of reasonableness itself; they are not merely factors to be considered in adjusting the award once the lodestar is calculated.") (citing *Johnson*, 488 F.2d at 717).

As noted, based on one or more *Johnson* factors, the court may apply a multiplier to adjust the lodestar up or down if that factor or factors are not already taken into account by the lodestar, itself. *Strong*, 137 F.3d at 850. An adjustment may only be made if the *Johnson* factor has not already been accounted for in the lodestar. *In re Fender*, 12 F.3d 480, 487 (5th Cir. 1994), *cert. denied*, 511 U.S. 1143 (1994); *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993) ("[T]he district court must be careful . . . not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments."), *cert. denied*, 510 U.S. 991 (1993).

Four of the *Johnson* factors are presumably included in the lodestar calculation: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation. *Blum*, 465 U.S. at 898-99; *Shipes*, 987 F.2d at 320. "Although upward adjustments of the lodestar figure based on these factors are still permissible, such modifications are proper only in certain rare and exceptional cases supported by specific evidence on the record and detailed findings by the lower courts." *Id*. The Fifth Circuit has also held that two other factors, time limitations imposed by the client or the circumstances and preclusion of other employment, are generally subsumed in the lodestar

calculation, too. *Shipes*, 987 F.3d at 321-22; *Heidtman v. City of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

**Discussion**

*Interpleader Factors*

The Court finds that Coface should receive attorneys' fees pursuant to the "general rule" in interpleader cases. *Murphy*, 534 F.2d at 1164. Furthermore, the factors typically weighed in awarding fees in an interpleader suit suggest that Coface should receive fees. Although the case was simple, did not involve unique services, and ultimately provided benefits to Coface, factors (3) and (5) strongly weigh in favor of awarding fees. Coface made reasonable, good faith efforts to determine the rights of the competing claimants to the Policy Proceeds. (Document No. 46 at 3). Furthermore, claimant DF Deutsche improperly protracted the proceedings by filing an inconsistent Response to Coface's Motion to Dismiss (Document No. 34), and protracted the proceedings by filing counterclaims against Coface which were not supported by law. (*See* Court's Order and Opinion, Document No. 45).

*Hourly Rate*

Coface has suggested hourly rates of $365 for David Walton (a partner with 12 years of experience), $315 for Robert Rosen and Sarah Sparling (associates with experience of 8 and 6 years, respectively[3]), and $115 for Candy Ryan (a legal assistant[4] with 26 years of experience). (Document No. 46 at 10). The Motion also states that these rates "are the regular hourly rates for the BMP attorneys and legal assistance," and cites several cases for the proposition that these

---

[3] In his affidavit, Walton states that both associates have been licensed to practice law in Texas since 2007. (Document No. 46-1 at 2). It is unclear which statement is correct, but the fact that both are billed at the same rate seems to suggest they have the same amount of experience.

[4] Work by paralegals may only be recovered to the extent that it is similar to that typically performed by attorneys; otherwise it is an unrecoverable overhead expense. *Coleman v. Houston Independent School District,* 202 F.3d 264 (5th Cir. 1999) (citing *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. Unit B 1982)). The Court has reviewed the work billed by Ryan and believes it to be "similar to that typically performed by attorneys." *Id.*

rates are within the range of prevailing market rates. *Id*. at 10-11. *See Miller v. Raytheon Co.*, 716 F.3d 138, 149 (5th Cir. 2013) ("reduced hourly rates of $577.50, $542.50, and $280 were reasonable, customary rates"); *Rouse v. Target Corp.*, No. 3:15-CV-48, 2016 WL 319871, at *3 (S.D. Tex. Jan. 26, 2016) ($500 per hour rate was reasonable for partner with over 21 years of experience in labor and employment law, and $300 per hour was reasonable for associate with just 2 years of experience); *Preston Expl. Co., LP v. GSP, LLC*, No. CIV.A. H-08-3341, 2013 WL 3229678, at *5 (S.D. Tex. June 25, 2013) ("$407.03/hour for partners, $224.27/hour for associates, and $132.84/hour for legal assistants [was] reasonable in the Houston market" for breach of contract case); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 709 (S.D. Tex. 2012) ($350/hour reasonable for partner with eighteen years of experience, and $125/hour reasonable for a paralegal); *Fluor Corp. v. Citadel Equity Fund Ltd.*, No. 3:08-CV-1556-B, 2011 WL 3820704, at *5 (N.D. Tex. Aug. 26, 2011) ("In other cases involving Texas lawyers, the hourly rates range from $220 for associates to $510 for senior partners.") (citing cases). Given that these rates are customary for these attorneys, fit within the range allowed by recent case law, and are not contested by any other party, the Court finds that these rates are reasonable. *Louisiana Power*, 50 F.3d at 329 ("Generally when an attorney's requested hourly rate is his customary rate, when it is within the range of prevailing market rates, and when the rate is not contested, it is viewed as *prima facie* reasonable.").

*Hours Expended*

Plaintiff has included extensive records of the hours spent on this case. (Document No. 46-1). Plaintiff states that "approximately 143 hours were spent to bring this interpleader action, to participate in discovery and motion practice, to be dismissed with prejudice upon depositing the amounts in the Court's registry, and to receive an injunction against all competing claimants

from commencing or prosecuting any claim or action against CofaceNA regarding the policy proceeds." (Document No. 46 at 12). Specifically, 49.70 hours were spent on pleadings, 15 hours were spent on pretrial, 32.30 hours were spent on motion practice, and 46.10 hours were spent on discovery. *Id*. Walton spent 91.30 hours on the case, Rosen spent 37.30, Sparling spent 5.80, and Ryan spent 8.60. *Id*. at 13. The Court has examined the billing time records, and believes that Plaintiff has met its burden in demonstrating that the hours claimed were reasonably expended. *Hensley*, 461 U.S. at 437.

*Johnson Factors*

Plaintiff does not request an adjustment to the lodestar based upon these factors, but the Court must still weigh the *Johnson* factors in determining whether the fee is reasonable. The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. However the Court will not weigh factors (2), (3), (4), (7), (8), and (9) because they are presumably included in the lodestar calculation. *Blum*, 465 U.S. at 898-99; *Shipes*, 987 F.2d at 320-2; *Heidtman*, 171 F.3d at 1043.

(1) As discussed above, the Court believes that the hours claimed were reasonable. (5) Customary fees for the attorneys were also discussed above. (6) The fee in this case was hourly. (10) No "undesirability" of the case is alleged here. (Document No. 46 at 18). (11) BMP has

represented Coface since 2012. *Id*. (12) Coface states that it is not aware of awards made in similar litigation within and without the Court's circuit. *Id*. However the Court has found information on awards in other interpleader cases. *See Rhoades*, 196 F.3d at 603 (affirming award of $23,951); *James Talcott*, 444 F.2d at 451 (affirming award of $25,000); *Massachusetts Mut. Life Ins. Co. v. Sanders*, 787 F. Supp. 2d 628, 642 (S.D. Tex. 2011) (awarding $20,392.11); *Amlin Corp. Member, Ltd. v. Logistics Grp. Int'l, Inc.*, No. CIV.A. H-09-2695, 2011 WL 1044048, at *6 (S.D. Tex. Mar. 17, 2011) (noting that Court previously awarded interpleader plaintiff $16,216.69 in fees). Although these awards are lower than the amount requested by BMP, some of these cases are much older, and, as discussed above, DF Deutsche added unnecessarily to BMP's workload, requiring BMP to spend more hours than is typical for an interpleader case.

The Court finds that none of these factors weigh heavily in favor of an increase or decrease to the lodestar calculation, and that they generally suggest that the calculation is reasonable.

*Costs*

Coface requests $5,412.28 in costs. (Document No. 46 at 2). Coface does not detail these costs in its Motion, but review of the billing records submitted suggests these costs include items such as copying, delivery services, subpoena fees, printing, research, court fees, litigation support vendors, and travel. (Document No. 46-1 at 18, 23, 48). These costs appear to be reasonable, and therefore the Court finds that it is fair and equitable to award them. *Rhoades,* 196 F.3d at 603.

**Conclusion**

The court has reviewed Walton's affidavit relating to its costs and fees and finds that the

hours expended, the billing rate, and the expenses are reasonable. The court hereby

GRANTS Plaintiff's Motion (Document No. 46) and AWARDS Plaintiff $54,910.28 in attorneys' fees and expenses, which shall be paid from the policy proceeds that are in the court's registry.

SIGNED at Houston, Texas, this 15th day of August, 2016.

                                       MELINDA HARMON
UNITED STATES DISTRICT JUDGE